UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAMON V. BANEZ, | ) | CASE NO. 5:09 CV 1100 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| MICHAEL L. HOWARD, Judge, Stark County Court of Common Pleas, | ) ) ) | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendant. | ) ) | |

On May 12, 2009, plaintiff <u>pro se</u> Ramon V. Banez filed this action against Stark County Court of Common Pleas Judge Michael L. Howard. The complaint seeks to appeal a decision of Judge Howard concerning the division of property in plaintiff's divorce case. For the reasons stated below, this action is dismissed.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only

occur in the United States Supreme Court, by appeal or by writ of certiorari.  <u>Id.</u>  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights.  <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  <u>Catz v. Chalker</u>, 142 F.3d 279, 293 (6th Cir. 1998); <u>see</u> <u>Tropf v. Fidelity National Title Insurance Co.</u>, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  <u>Catz</u>, 142 F.3d at 293.  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied  in the state action.  <u>Id.</u>; <u>Tropf</u>, 289 F.3d at 937.

In the present action, plaintiff directly attacks the

2

state court's decision concerning the division of marital property, and the action is clearly predicated on his belief that the state court was mistaken in rendering its decision.  Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at

Accordingly, this action is dismissed.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Dan Aaron Polster 5/28/09
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

3